## FUNK v JONES

Ohio Appeals, 9th Dist, Summit Co.

No. 3172.   Decided June 12, 1939.

Waters, Andress, Wise, Roetzel & Maxon, Akron, for appellee.

Weick, Powers & Mason, Akron, for appellant.

### OPINION

By WASHBURN, PJ.

The controversy in this case arises out of an action in tort brought by Funk, appellee, against Jones, appellant.

In the trial court a verdict was returned in favor of Funk and against Jones for $5,000.

Funk, in whose favor the verdict was returned, filed a motion for a new trial; among the grounds specified therefor were "that the verdict of the jury is inadequate," and also "that the verdict of the jury is contrary to the evidence."

The trial court granted such motion, and Jones, against whom the verdict

was returned, perfected an appeal on questions of law to this court, claiming that the trial judge abused his discretion because he granted a new trial on the ground that the verdict, in amount, was contrary to the evidence.

No claim of misconduct on the part of the court or any one else is made, and the only abuse of discretion claimed is such as is based on the fact that the trial judge determined that the verdict of the jury was inadequate—i. e., too small—to fairly compensate Funk for the injuries which the evidence showed he sustained.

By motion in this court, Jones has raised the question as to whether the action of the trial judge in granting a new trial was such a final order as is the subject of review by this court.

The disposition of the motion was reserved until after a full argument of the case.

This court had occasion to examine the question which we must decide in disposing of said motion, and to express our views in refernce thereto, in an opinion in the case of **Levin v Jacoby Bros., 55 Oh Ap 16.** Since the decision in that case, the Supreme Court has disposed of a number of cases in which there has been an expression of views on the subject we are now considering. We have examined such cases and find nothing in them which conflicts with the views expressed in Levin v Jacoby Bros., supra, but the Supreme Court has expressed no opinion as to what the Court of Appeals may consider in determining whether such an order is a final order.

It is, however, definitely determined that the order complained of is not a final order, and therefore not reviewable by this court, unless the making of the same was an abuse of discretion by the trial judge.

**Hoffman v Knollman, 135 Oh St 170.**

In the instant case we do not find that the trial judge, in making the order complained of, abused his discretion. Therefore the only disposition we are authorized to make of the case is to grant the motion to dismiss the appeal on the ground that the order complained of it not a final order, and that is accordingly done.

**State v Wright, 135 Oh St 187.**
Appeal dismissed.

DOYLE, J., and STEVENS, J., concur.